UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KJONNA OGGS,<br>CDCR #AG-6164,<br><br>                                      Plaintiff,<br><br>vs.<br><br>O. NAVARRO, Correction Officer;<br>E. ESTRADA, Correction Officer;<br>M. RODRIGUEZ, Correction Officer;<br>RUELAS, Correction Officer;<br>BYRDHUNT, Correction Officer;<br>MEJIA, Correction Officer,<br><br>                                      Defendants. | Case No.: 3:18-cv-01361-CAB-JMA<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT AND SUMMONS PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

      KJONNA OGGS ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF Nos. 1, 2).[1]

---

[1] Plaintiff e-filed only the cover sheet of his Complaint pursuant to S.D. Cal. Gen. Order 653 on June 20, 2018 (ECF No. 1), but he mailed the completed pleading to the Clerk via U.S. Mail soon after. *See* ECF No. 2. The Court considers both ECF No. 1 ("Complaint") and ECF No. 2, filed as a "Supplemental Document" to comprise the operative pleading in this case. Plaintiff also filed a Notice of Change of

1

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 3).

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having

---

Address on August 28, 2018, in which he requests all filings in this case be mailed to a private address in Hawthorne, California, but he admits he remains incarcerated at RJD. *See* ECF No. 8 at 1-2.

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted CDCR Inmate Statement Reports demonstrating his trust account activity and balances for the six-months preceding the filing of his Complaint. *See* ECF Nos. 4, 7; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. The Court has reviewed these reports, but both show Plaintiff has a current available balance of zero in his account. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 3) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated will be collected by the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

A.     <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir.

3

2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Finally, in deciding whether Plaintiff has stated a plausible claim for relief, the Court may consider exhibits attached to his Complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citing *Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426 (9th Cir. 1978) ("[M]aterial which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss.)).

4

B.  Plaintiff's Allegations

Plaintiff claims that in late March 2018, he was moved into a cell with an inmate named Darden who "began asking to see [his] paperwork." *See* Supp. Doc., ECF No. 2 at 3. "For weeks" after, Plaintiff claims Darden threatened him and said "he was a pedophile and he must die." Plaintiff contends he "repeatedly" told Officers Estrada, Mejia, Byrdhunt, Rueles, and Rodriguez "about Darden[']s threats to kill, stab, and assault him." *Id.* But "they all told Plaintiff to deal with him," and "made comments like, "[Y]ou[']r[e] a big guy," and "refused to make any bed moves." *Id.*

On May 1, 2018, Plaintiff claims Darden punched and kicked him, but when he told Officers Rueles and Byrdhunt "they did nothing." *Id.*

On May 29, 2018, Plaintiff claims Darden again attacked him "with a makeshift weapon." *Id.* Plaintiff "ran to the door and scream[ed] for help," but Officer O. Navarro, the control booth officer, refused to open it and said, "[H]andle your business[,] punk," "loud[ly] on the microphone," while Officer Estrada "stood there and did nothing." *Id.* Plaintiff contends Darden continued to kick and beat him, cut his eye, broke his T.V., and beat him with it for "over 30 minutes" before the officers intervened.[3] *Id.* at 3-4.

On June 4, 2018, Plaintiff claims Navarro "pointed [a] state[-]issued mini 14 rifle" at him while he was in the dayroom and told him "he['d] better withdraw any 602's he has on him or next time he pointed his rifle he will do worse than what Darden did to him." *Id.* at 5. On June 13, 2018, Plaintiff further alleges Navarro "called him into [a] hallway," closed the door, accused him of having a "jailhouse lawyer doing a lawsuit and 602 on him," grabbed him by the neck, punched him in the stomach, and told him the "beatings and harassment will continue until he withdr[ew] any 602s or lawsuits he has on him." *Id.* at 5.

---

[3] Plaintiff further claims "Sgt. John Doe" refused to summon medical care for his "badly damaged eye" after the May 29, 2018 incident, saying it wasn't "necessary[,] it's not that bad," and to "save him the headache of having to do paperwork." *See* ECF No. 2 at 4. But Plaintiff does not include the unidentified sergeant as a party-defendant. *Id.* at 1-2.

5

Finally, Plaintiff claims Officer E. Estrada issued a CDCR Serious Rules Violation Report against him charging him with fighting on May 29, 2018 as "a form of retaliation," since she "was aware of Plaintiff's multiple request[s] to be removed from the situation." *Id.* at 6 & Ex. A at 10.

As currently pleaded, the Court finds Plaintiff's Complaint (ECF Nos. 1 & 2) contain "sufficient factual matter, accepted as true," to state First and Eighth Amendment claims for relief that are "plausible on its face," *Iqbal,* 556 U.S. at 678, and therefore, sufficient to survive the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *United States v. Williams,* 842 F.3d 1143, 1153 (9th Cir. 2016) (the Eighth Amendment "requires that prison officials 'must take reasonable measures to guarantee the safety of the inmates.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 833, 847 (1994) ("[P]rison officials have a duty [under the Eighth Amendment] ... to protect prisoners from violence at the hands of other prisoners[,]" and therefore, "may be held liable … if [they] know[] that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it."); *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) ("[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene."); *Hudson v. McMillian*, 503 U.S. 1, 5, (1992) (unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment); *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (for claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.") (citing *Hudson*, 503 U.S. at 7); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

Therefore, the Court will direct the U.S. Marshal to effect service of summons Plaintiff's Complaint on his behalf.[4] *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## III. Conclusion and Order

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 3).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS

---

[4] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007). However, the Court finds it is not "clear from the face of the complaint," whether Plaintiff has exhausted all "available" administrative remedies pursuant to 42 U.S.C. § 1997e(a). *See Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc); *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). On the one hand, Plaintiff claims "administrative remedies have not been exhausted," but he also swears under penalty of perjury that this was due to Officer Navarro's threats, his fear of further acts of retaliation, "and possible death at the hands of Navarro if [he] complained." *See* ECF No. 2 at 7, 13. "[A]n inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016) (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)); *id.* at 1859-60 (noting unavailability where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."); *McBride v. Lopez*, 807 F.3d 982, 987 (9th Cir. 2015) (setting out requirements for prisoners claiming fear of retaliation prevented exhaustion); *see also Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 792 (9th Cir. 2018). Therefore, because exhaustion is an affirmative defense, Defendants "will have to present probative evidence ... 'to plead and prove' ... that [Plaintiff] has failed to exhaust" all available administrative remedies pursuant to Fed. R. Civ. P. 56, should they elect to defend on this basis. *Albino*, 747 F.3d at 1169 (quoting *Jones v. Bock*, 549 U.S. 199, 204 (2007)).

1 | SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (*ECF Nos. 1 and 2*) and forward them to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, certified copies of his Complaint, and the summons so that he may serve Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c., and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

5. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

6. **ORDERS** Defendants, once they have been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

7. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants'

| | |
|---|---|
| 1 | counsel, a copy of every further pleading, motion, or other document submitted for the |
| 2 | Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every |
| 3 | original document he seeks to file with the Clerk of the Court, a certificate stating the |
| 4 | manner in which a true and correct copy of that document has been was served on |
| 5 | Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any |
| 6 | document received by the Court which has not been properly filed with the Clerk or |
| 7 | which fails to include a Certificate of Service upon the Defendants, or their counsel, may |
| 8 | be disregarded. |

**IT IS SO ORDERED**.

Dated: September 17, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge