UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KJONNA OGGS,

Plaintiff,

v.

O. NAVARRO, Correction Officer, et al.,

Defendants.

Case No.: 18cv1361-CAB-LL

**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL FOR DEPOSITION**

**[ECF No. 48]**

On August 14, 2019, *nunc pro nunc*, Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a motion requesting that this Court appoint counsel for the limited purpose of Defendants' deposition of Plaintiff, and to postpone his deposition until the Court rules on Plaintiff's motion requesting counsel. ECF No. 48. In support of his request for counsel, Plaintiff claims that assistance of counsel is "highly necessary" because (1) Plaintiff is receiving help to litigate this case; (2) he reads and writes at a second-grade level; (3) "he is an extreme mental health case with multiple health diagnoses"; and (4) he suffers from severe memory problems. Id. at 1-2. Plaintiff further contends that he needs counsel in order to answer questions, help him read and understand, and prevent him from incriminating himself. Id. at 2. Having considered Plaintiff's motion and the applicable law, the motion is **DENIED WITHOUT PREJUDICE** for the reasons set forth below.

1

There is no constitutional right to the appointment of counsel in § 1983 cases. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981) (citation omitted). However, the Ninth Circuit has held that "a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Id. (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983)). Neither of these considerations is dispositive and instead must be viewed together. Id. (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Thus far, Plaintiff has submitted several documents without the assistance of legal counsel. In addition to the instant motion, Plaintiff has submitted a complaint [ECF Nos. 1, 2] and a response to an Order to Show Cause [ECF No. 40]. From the Court's review of these documents, it is clear that Plaintiff is able to articulate the claims of his case, despite Plaintiff's claims of difficulties due to his mental health and memory issues. Plaintiff's filings are coherent, focused, and demonstrate an active understanding of the issues presented. Additionally, there is no indication that the issues are overly complex. Although it is too early for the Court to determine Plaintiff's likelihood of success on the merits, Plaintiff fails to establish the requisite "exceptional circumstances" that would warrant the appointment of counsel. Therefore, the Court finds at this stage of the pleadings Plaintiff has not provided a showing of "exceptional circumstances" justifying the appointment of legal counsel. See Estrada v. Sayre, No. 12-CV-00592-LHK, 2013 WL 5073773, at *2 (N.D. Cal. Sept. 13, 2013) (denying Plaintiff's motion for appointment of counsel for his deposition after finding Plaintiff capable of proceeding with his claims *pro se* and deeming it too early to evaluate the strength of Plaintiff's claims). Accordingly, Plaintiff's motion for appointment of counsel for his deposition is **DENIED WITHOUT PREJUDICE**.

Plaintiff also asks for his deposition to be postponed pending the issuance of the Court's ruling on the instant motion. ECF No. 48 at 1. On September 6, 2019, the Court granted Defendants' ex parte application to modify the Scheduling Order, in which they requested moving Plaintiff's deposition to November 4, 2019. ECF No. 50; see also ECF No. 49 at 1-2. Therefore, the Court finds that Plaintiff's request to postpone his deposition is now **MOOT**.

     **IT IS SO ORDERED.**

Dated:  September 6, 2019

Honorable Linda Lopez
United States Magistrate Judge

18cv1361-CAB-LL